UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael W. Wilson,<br><br>    Plaintiff,<br><br>v.<br><br>State of Nevada,<br><br>    Defendant. | Case No. 2:22-cv-00978-CDS-DJA<br><br>**Order**<br>**&**<br>**Report and Recommendation** |

*Pro se* plaintiff Michael W. Wilson filed an application to proceed *in forma pauperis* (ECF No. 1) and a complaint (ECF No. 1-1). Because Plaintiff's complaint is improperly brought under 42 U.S.C. § 1983 and because Plaintiff has not alleged a constitutional violation, the Court recommends dismissal of his complaint. Because the Court recommends dismissal of his complaint, it denies Plaintiff's application to proceed *in forma pauperis* as moot and denies his pending motion as moot.

**I.     Legal standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

**II.     Discussion.**

Plaintiff, who is currently incarcerated at the Southern Desert Correctional Center, filed this § 1983 complaint *pro se* against the State of Nevada. (ECF No. 1-1 at 1).  He alleges that

"Senate Bill No. 182,"[1] which created the Statute Revision Commission in 1951, is unconstitutional. (*Id.*). He asserts that his civil rights were violated because the Commission acted unconstitutionally. (*Id.*). Plaintiff requests that his sentence be vacated, "Senate Bill No. 182 be removed," and any other legislation relating to the Commission be found unenforceable. (*Id.* at 10).

However, the Commission, which is now incorporated in the broader Legislative Counsel Bureau, organizes and classifies laws to ensure that the Nevada Revised Statutes are arranged in a coherent, logical order. *Taylor v. State*, 472 P.3d 195 (Nev. 2020). The Commission did not exercise any legislative power or function. *Id.* The Court thus recommends dismissal of Plaintiff's complaint.

### A. Recommendation to dismiss.

Plaintiff explicitly requests that his conviction should be vacated. (ECF No. 1-1 at 10). To recover damages for an unconstitutional conviction or imprisonment under a § 1983 claim, Wilson must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff's assertion that his conviction should be vacated because of the alleged unconstitutional creation of the Commission codified by Senate Bill No. 182 is improperly brought under § 1983. Plaintiff is a prisoner in state custody and cannot challenge "the fact of duration of his confinement" under a § 1983 claim. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Rather, Plaintiff "may challenge the validity of his arrest, prosecution, and conviction only by writ of *habeas corpus*." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). This requires Plaintiff to file a new action; he must file a habeas corpus petition and a new *in forma pauperis* application. Plaintiff may not file a petition for *habeas corpus* in this current action.

---

[1] Senate Bill No. 182 was enacted by the 45th Session of the Legislature of the State of Nevada, chapter 304, Statutes of Nevada 1951 (subsequently amended by chapter 280, Statutes of Nevada 1953 and chapter 248, Statutes of Nevada 1955). *Legislative Counsel's Preface to* NEVADA REVISED STATUTES, at 1 (Nev. L. Libr. 2014-2020).

### B. Allegations regarding the creation of the Statute Revision Commission.

Plaintiff asserts that the Commission is unconstitutional because the three Nevada Supreme Court Justices—Justice Merrill, Justice Badt, and Justice Eather—were improperly delegated legislative powers. (ECF No. 1-1 at 3). Including the case at bar, at least eight different actions regarding the constitutionality of the Commission has been filed in this district.[2] The Nevada Supreme Court recently addressed a similar issue.[3] *State v. Taylor*, 472 P.3d 195 (Nev. 2020). There, the Court held that the Justices sitting on the Commission did not violate a constitutional provision because "the Legislative Counsel Bureau – which succeeded the statute revision commission – codifies and classifies" laws "in a logical order, but does not itself exercise the legislative function." *Id.* at 5. The Court held that the district court did not err in denying Taylor's claim because she failed to show how the Commission "encroached upon the powers of another branch of government, violating the separation of powers." *Id.*; *see Comm'n on Ethics v. Hardy*, 125 Nev. 285, 291-92, 212 P.3d 1098, 1103 (2009) ("The purpose of the separation of powers doctrine is to prevent one branch of government from encroaching on the powers of another branch.").

Plaintiff's claim has a similar deficiency. He repeatedly asserts that the creation of the Commission was unconstitutional solely because the three Justices were a part of this new Commission. (ECF No. 1-1 at 3). He fails to show how the Commission unconstitutionally encroached upon another branch of government and violated the separation of powers doctrine. To properly state a claim, Plaintiff must illustrate, if possible, how Justice Merrill, Justice Badt, and Justice Eather "violated the constitution by serving in a nonjudicial public office" and

---

[2] *Willing v. State of Nevada*, Case No. 2:22-cv-00795-CDS-VCF; *Perez v. State of Nevada*, Case No. 2:22-cv-00796-GMN-DJA; *Willing v. State of Nevada,* Case No. 2:22-cv-00733-APG-DJA; *Jones v. State of Nevada*, Case No. 2:22-cv-00935-ART-BNW; *Jackson v. State of Nevada*, Case No. 2:22-cv-00976-MMD-EJY; *Anderson v. State of Nevada, et al*, Case No. 2:22-cv-00734-GMN-VCF; and *Cardenas v. State of Nevada*, Case No. 2:22-cv-01055-GMN-VCF.

[3] Taylor claimed that his counsel was ineffective because they failed to challenge the constitutionality of the Statute Revision Commission. *Taylor*, 472 P.3d at 195 at 5.

"improperly encroached upon the powers of another branch of government, violating the separation of powers." *Taylor*, 472 P.3d 195 at 5.

Because Plaintiff's complaint does not state a claim upon which relief can be granted, the Court recommends dismissal of his case. Because the Court recommends dismissal, it denies Plaintiff's application to proceed *in forma pauperis* as moot and denies as moot Plaintiff's pending motion for the Court to certify that his constitutional challenge.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint (ECF No. 1-1) be **dismissed** for failure to state a claim.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's pending motion for the Court to certify that his constitutional challenge is complete (ECF No. 3) is **denied as moot.**

DATED: September 6, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE