UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael W. Wilson,<br><br>           Plaintiff<br><br>   v.<br><br>State of Nevada,<br><br>           Defendant | Case No.: 2:22-cv-00978-CDS-DJA<br><br>**Order Adopting Magistrate Judge's Report and Recommendation**<br><br>[ECF Nos. 6, 8] |

Magistrate Judge Daniel J. Albregts recommends that I dismiss with prejudice *pro se* plaintiff Michael Wilson's petition to challenge Senate Bill 182 (ECF No. 1-1), and he denies as moot Wilson's application to proceed *in forma pauperis* and his motion to certify. ECF No. 6. Wilson filed timely an objection to the Report and Recommendation (R&R). ECF No. 8. Having considered that objection and the R&R, I find that I can resolve Wilson's objection without a hearing. LR 78-1. For the reasons set forth herein, I agree with Judge Albregts, adopt the R&R in full, overrule Wilson's objection, and direct the Clerk of Court to close this case.

**I.    Background**

Under 28 U.S.C. § 636(b)(1)(C) and Local Rule IB 3-2(b), I conducted a *de novo* review of the magistrate judge's R&R. Wilson, who is currently serving a sentence with the Nevada Department of Corrections, filed his petition to challenge Senate Bill No. 182 in which he names the State of Nevada as the defendant, alleging that "Senate Bill No. 182" created the Statute Revision Commission (the Commission) in 1951 and that the creation of the Commission is unconstitutional. ECF No. 6 at 3 (citing ECF 1-1 at 1). Wilson makes that argument because he

contends that the three Nevada Supreme Court Justices on the Commission—Justices Merrill, Badt, and Eather—were improperly delegated legislative powers and that his conviction should therefore be vacated. *Id.* at 4 (citing ECF No. 1-1 at 3). Wilson seeks to have (1) his sentence vacated, (2) Senate Bill No. 182 "removed," and (3) any of the Commission's other legislation be found unenforceable. *Id.* (citing ECF No. 1-1 at 10).

Magistrate Judge Albregts recommends that I dismiss Wilson's petition and find that he cannot properly challenge the Senate Bill under 42 U.S.C. § 1983. *Id.* The magistrate judge notes that Wilson cannot challenge "the fact or duration of his confinement" in a § 1983 claim (*Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)), and that in order for Wilson's sentence to be vacated, he must demonstrate that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. ECF No. 6 at 3 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). The R&R also advises that Wilson must file a habeas corpus petition and a new *in forma pauperis* application. *Id.*

The magistrate judge also finds that Wilson fails to show how the Commission violated the separation of powers doctrine. *Id.* at 3–4. The R&R details the deficiencies in Wilson's claim against the Commission and discusses a recent Nevada Supreme Court case addressing a similar issue. *Id.* at 4 (citing *State v. Taylor*, 472 P.3d 195 (Nev. 2020)). And the R&R identifies seven additional actions filed in this district challenging the constitutionality of the Commission. *Id.* at 4, n.5. Each of those challenges was unsuccessful.[1]

---

[1] *Willing v. State of Nevada*, Case No. 2:22-cv-00795-CDS-VCF; *Perez v. State of Nevada*, Case No. 2:22-cv-00796-GMN-DJA; *Willing v. State of Nevada*, Case No. 2:22-cv-00733-APG-DJA; *Jones v. State of Nevada*, Case No. 2:22-cv-00935-ART-BNW; *Jackson v. State of Nevada*, Case No. 2:22-cv-00976-MMD-EJY; *Anderson v. State of Nevada*, Case No. 2:22-cv-00734-GMN-VCF; and *Cardenas v. State of Nevada*, Case No. 2:22-cv-01055-GMN-VCF.

1    Wilson's objection alleges that the R&R is erroneous for "saying the Commission isn't
2 unconstitutional because the LCB [Legislative Counsel Bureau] supposedly isn't." ECF No. 8 at
3 5. Wilson asserts he is not challenging the Commission or the LCB, but the facially
4 unconstitutional law that is Senate Bill No. 182. *Id.* Wilson contends that the R&R is erroneous
5 for asserting that he is challenging his conviction or his case when he is not. *Id.* Throughout his
6 objection, Wilson accuses the magistrate judge of being biased against him. *See generally* ECF No.
7 8.

**IV.    Discussion**

District judges need only review a magistrate judge's R&R to the extent that an objection is raised. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Objections must be written and specific. Fed. R. Civ. P. 72(b)(2); LR IB 3-2. And it is well established that courts must liberally construe documents filed by *pro se* litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Under 28 U.S.C. § 636(b)(1)(C) and Local Rule IB 3-2(b), I review the R&R *de novo*. Liberally construing Wilson's written objection, which is mostly conclusory in nature, I do not find that he has cited any applicable legal authority identifying how the R&R was clearly erroneous or contrary to the law. As part of his objection, Wilson attaches copies of various docket entries from this case and documents about the Commission. ECF No. 8 at 12–21. But he provides little discussion of them or their relevance. His objection alleges that the R&R is erroneous for "saying [that] the Commission isn't unconstitutional because the LCB [Legislative Counsel Bureau] supposedly isn't." *Id.* at 5. Wilson asserts that he is not challenging the Commission or the LCB, but the facially unconstitutional law that is Senate Bill No. 182. *Id.* He explains that the Commission became involved in bill drafting as an adjunct duty and that the

3

legislature approved the creation of a commission for the revision and compilation of Nevada laws. *See id.* at 5, 19–20. But Wilson's objection provides no support for his argument that the act creating a committee that compiled, organized, and revised the Nevada Revised Statutes is somehow improper. Thus I find that Wilson fails to demonstrate why the R&R should not be adopted.

Wilson's second argument suffers from the same defect. He contends that the R&R is erroneous for asserting that he is challenging his conviction or his case. ECF No. 8 at 5. Wilson claims that "because S.B. 182 is fully and incorrigibly unconstitutional, everything derived from it is[, too] . . . [such as p]laintiff's criminal case, NRS, etc." *Id.* at 6. Wilson's conclusory assertions fail to establish that Senate Bill No. 182, which created a committee that grouped laws of similar subject matter together in a logical order, renders the statutes unconstitutional. Again, I find that Wilson fails to demonstrate that the R&R is erroneous or contrary to law.

Wilson also makes wholly unsupported allegations of judicial bias and general misconduct against the magistrate judge. *See generally* ECF No. 8. "When a specific objection is made to a portion of a magistrate judge's report [and] recommendation, the court subjects that portion . . . to a *de novo* review." *Kenniston v. McDonald*, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Id.* (citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). I liberally construe the allegations of bias as a general objection to the R&R and thus find they are not subject to review because they lack specificity. Further, courts have held that "vague accusations and convoluted demands don't satisfy [a] complainant's obligation to provide objective evidence of misconduct." *In re Complaint*

*of Judicial Misconduct*, 584 F.3d 1230, 1231 (9th Cir. 2009). So I disregard the unsupported allegations.

Having conducted a *de novo* review of the record and R&R, I find that the magistrate judge correctly determined that Wilson failed to state a claim because his pleadings do not allege "facts facially demonstrating how Justices Merrill, Badt, and Eather 'violated the constitution by serving in a nonjudicial public office' and 'improperly encroached' on the powers of another branch of government such that separation of powers was violated." ECF No. 6 at 3 (quoting *Taylor*, 2020 WL 5652414, at *5). As set forth in the *Taylor* decision, I find that the justices sitting on the Commission did not violate a constitutional provision because "the Legislative Counsel Bureau—which succeeded the statute revision commission—codifies and classifies" laws "in a logical order, but [did] not itself exercis[e a] legislative function." *Id.* I therefore find that the R&R is not clearly erroneous or contrary to the law and overrule Wilson's objection to it.

V.    **Conclusion**

IT IS THEREFORE ORDERED that the magistrate judge's R&R **(ECF No. 6) is ADOPTED in its entirety**, and the plaintiff's objection to the R&R **(ECF No. 8) is OVERRULED**.

IT IS FURTHER ORDERED that plaintiff's application to proceed *in forma pauperis* **(ECF No. 1)** and his motion to expedite proceedings **(ECF No. 7) are DENIED** as moot.

IT IS FURTHER ORDERED that plaintiff's petition to challenge Senate Bill 182 **(ECF No. 1-1) is DISMISSED WITH PREJUDICE**.

The Clerk of Court is directed to CLOSE THIS CASE.

DATED: October 13, 2022.

_____
Cristina D. Silva
United States District Judge